CULLEN, J., concurred; BROWN, P. J., not sitting.

Order affirmed, with costs.

In the Matter of the Application to Open and Lay Out OAK-LEY AVENUE in the Town of Jamaica, Queens County, New York.

*New road in a town — what land owners may oppose the confirmation of the County Court's order.*

*Quære* whether, where the necessity for a new road has been certified to by the highway commissioners of the town and the County Court commissioners, and the County Court of the county in which the property is situated, parties, who own parcels of uncultivated and unimproved land through which it is proposed to run the new road, can be heard in opposition to an application made to the General Term of the Supreme Court to confirm the order of the County Court directing the laying out of such road, although one of such land owners who opposes the confirmation of such order of the County Court has laid out a street upon his land and sold lots on both sides thereof upon which houses have been erected.

MOTION by Earl A. Gillespie and others to confirm an order of the County Court of the county of Queens, entered in the office of the clerk of the county of Queens on the 15th day of January, 1895, directing the laying out of Oakley avenue in the town of Jamaica, county of Queens and State of New York.

*Henry A. Montfort,* for the motion.

*G. G. & F. Reynolds,* opposed.

DYKMAN, J.:

It is now provided by statute that no highway shall be laid out through any building without the consent of the owner thereof,

unless so ordered by the County Court of the county in which the proposed highway is situated, and not even then until the General Term of the Supreme Court shall confirm the order of the County Court.   (Laws of 1890, chap. 568, § 90.)

This is an application for the confirmation of such an order.

The proceeding was instituted to lay out and open a highway in the town of Jamaica from Liberty avenue to University place, to be called Oakley avenue, and, because it passed through buildings, it became necessary to apply to the County Court under the statute to which reference has been made.

The necessity of this new road has been certified by the highway commissioners of the town, the County Court commissioners and the County Court of Queens county, and this application for the order of the General Term is not opposed by any owner of any building through which the highway is proposed to be opened.

The motion is opposed by persons who own two parcels of uncultivated and unimproved land through which it is proposed to run the new road.

While it is quite doubtful whether persons so situated can be heard in opposition to this application, we have yet thought it advisable to hear counsel on their behalf and make an examination of the case.

In relation to the opposition of Shattuck, it is to be said that he has laid out a street upon his land, and sold lots on both sides thereof, upon which houses have been erected.

While such action does not constitute a dedication of the land for a street, it does preclude him from closing the street without the consent of the persons who own such lots thereon.

The objection of the Napiers seems to be destitute of merit also.

The order of the County Court should, therefore, be confirmed.

BROWN, P. J., and CULLEN, J., concurred.

Order affirmed.